COBURN and another *v.* BRAINARD. and another.*

(*Circuit Court, E. D. Missouri.*   March 12, 1883.)

1. PATENTS—EFFECT OF DECISION AS TO VALIDITY—PRELIMINARY INJUNCTION.
     Where a motion is made for a preliminary injunction for an alleged infringe-
     ment of a patent which has been held valid, without collusion, in a contested
     patent case, the validity of the patent is considered settled for the purposes
     of the motion.

2. SAME.
     Where, however, the decision does not show what claims were held valid, nor
     what would be an infringement, two questions are left open, viz.: (1) What
     are the contrivances covered by the patent? and (2) has the defendant in-
     fringed the same?

Motion for a Preliminary Injunction for an alleged infringement
of letters patent of the United States for an "improvement in cases
for transporting eggs," and an "improvement in egg-boxes."

The first of said patents contains two claims, which are as follows:

"(1) A case for transporting eggs, in which are more than two removable
trays, each containing a series of bottomless cells or compartments, some of
these cells having walls irrespective of the walls of the case, and each tray
being separated from its adjoining tray by a removable diaphragm or dividing
board; (2) the combination of more than two trays, each containing a series,
of bottomless cells or compartments, some of these cells having walls irre-
spective of the walls of the case in which the combination may be used, and
each tray being separated from its adjoining tray by a removable diaphragm or
dividing board."

The other patent alleged to have been infringed contains the fol-
lowing claims:

"(1) A tray or double series of rectangular bottomless pockets constructed
of flexible material, or in separate strips, interwoven and permanently inter-.
locked, beyond danger of separation, by means of straight slits or slots cut in
opposite edges thereof, substantially as and for the purposes set forth; (2) a tray
or double series of rectangular bottomless pockets, constructed of suitable flexi-
ble material, in two intersecting series of separate strips, each series of strips
being provided with slots or slits cut in opposite edges of each strip, whereby
the respective series are interwoven and permanently interlocked beyond dan-
ger of separation, substantially as and for the purposes set forth; (3) a tray
or double series of rectangular bottomless pockets, constructed of suitable
flexible material, in two intersecting series of separate strips, each series of
strips being provided with slots or slits cut alternative in opposite edges of
each strip, whereby the respective series are interwoven and permanently in-
terlocked beyond danger of separation, substantially as and for the purposes
set forth."

*Reported by B. F. Rex, Esq., of the St. Louis bar.

The complainants, in their bill, allege that the defendants have acknowledged their infringement of said patents by a written agreement.

For remaining facts see *Coburn* v. *Clark,* 15 FED. REP. 804.

*Overall & Judson,* for complainants.

*Phillips & Stewart,* for defendants.

TREAT, J.   In case No. 2123 (*Coburn* v. *Clark,* 15 FED. REP. 804) many suggestions have been made applicable to this case.

In addition thereto the question of arrangement between the parties, or confessions, are presented. Waiving that inquiry, and looking to the interlocking and also the combination claims, an injunction order must go provisionally against infringement of either of said claims.